Filed Feb. 13, 1884.

————◆————

No. 11,073.

## MATTER v. STOUT, AUDITOR.

COUNTY COMMISSIONERS.—*Appeal.*—*Free Gravel Roads.*—*County Auditor.*— *Mandamus.*—Mandate to compel a county auditor to issue his warrant for an allowance made by the county board to a contractor for constructing a gravel road under the act of 1877. R. S. 1881, sections 5091–5103. Answer, that before demand for the warrant a resident taxpayer of the county gave notice of his intention to appeal, and within proper time filed "his affidavit and bond for an appeal," which bond the auditor had approved.

*Held*, that the answer was bad on demurrer, because it did not show that the affidavit for appeal was such as the statute, R. S. 1881, section 5772, requires.

From the Grant Circuit Court.

*A. Steele, R. T. St. John* and *R. G. Steele*, for appellant.

*H. Brownlee*, for appellee.

HAMMOND, J.—This was an application by the appellant for a mandate to compel the appellee, as auditor of the county, to issue an order on the county treasurer for an allowance made to the appellant by the county board.

The facts stated in the appellant's complaint were, in substance, as follows:

The appellant was the contractor for the construction of the Upland Gravel Road in Grant county. The engineer and superintendent of said road made his report of the completion of the same by the appellant to the board of commissioners of said county. Said board of commissioners then settled with the appellant and found due him, as the balance on his account, $1,067, for which amount they made an order of allowance, directing the county auditor to draw his warrant for the same on the county treasurer. The appellee upon the demand of the appellant refused to issue said warrant. The complaint was duly verified by affidavit. An alternative writ of mandate issued. The appellee appeared and filed answer as follows:

" Comes now Joseph W. Stout, auditor of Grant county, Indiana, defendant in this action, and for his answer to plaintiff's complaint and writ, being duly sworn, says that he admits the allowance named in plaintiff's complaint was made by the board of commissioners of Grant county, Indiana, to him, the said plaintiff, for $1,067 on the 15th day of February, 1883, as in plaintiff's complaint specified, and that he, the said plaintiff, did demand of him the said defendant that he issue to him, as auditor of said county, a warrant for the same. And the defendant avers that before such demand was so made upon him, one Dennis McVicker, a citizen and taxpayer of said county, and not a party to said proceedings, notified him, the said defendant, in writing that he, the said McVicker, would appeal from such decision and allowance by the board of commissioners to the Grant Circuit Court, and that said appeal would be taken within the time allowed by law in such cases; and, further notifying him, the said defendant, as such auditor, not to issue and deliver to him, the said Philip Matter, a warrant for such allowance on account of such appeal ; that such written notice was so served upon him on the 15th day of February, 1883, and is now on file in his, the auditor's office of said county ; that upon said day, and before any demand upon him by the plaintiff, the said Dennis McVicker did file with him in the auditor's office of

said county, his affidavit and bond for an appeal of said matter to the Grant Circuit Court, which bond was duly approved by him, the said defendant, as such auditor, on the said 15th day of February, 1883, and before demand upon him by the plaintiff, which affidavit and appeal bond are now on file in the proper auditor's office of said county, and that said affidavit and appeal bond were duly filed in his office within the time allowed by law for appeals in such cases. Affiant avers that he did refuse to issue and deliver to the said Philip Matter, said warrant when demanded so to do, for the reason that he then believed, and still believes, that he ought not so to do on account of said appeal and notice as hereinbefore set out. Wherefore," etc.

The answer was sworn to by the appellee.

The appellant demurred to the above answer for want of facts. The demurrer was overruled; the appellant excepted, and, refusing to plead further, judgment was rendered in favor of the appellee for costs. The appellant assigns as error in this court the overruling of his demurrer to the answer.

The allowance made to the appellant by the county board was, as is conceded in the briefs of the parties, for work done by him under contract, under the act of March 3d, 1877, relating to free turnpike roads. Sections 5091 to 5103, R. S. 1881. By the provisions of this act money for the construction of such roads is raised by the sale of county bonds, maturing at intervals after two years, and not beyond eight years after their issue. The bonds, principal and interest, are paid by assessments on the lands benefited by the improvements, lying within two miles thereof. The improvements provided for in said act are required to be done under contract, and under the superintendence of a competent engineer appointed by the county board. It is manifest, we think, that the proceeds derived from the sale of bonds and the collections of assessments go into the county treasury, and as to expenses for improvements are paid out upon allowances made by the board of county commissioners.

We are of opinion that, under section 5772, R. S. 1881, an appeal lies to the circuit court from the settlement of the county board with a contractor for work under säid act of March 3d, 1877, and from the allowances made to him upon such settlement. Without deciding what can be tried upon such appeal, it may be suggested that probably no questions can arise thereon except as to the facts whether the work has been performed in accordance with the contract, and as to the amount that may be due the contractor.

The appellant's complaint stated a good cause of action. It remains to consider whether the appellee's answer showed that a valid appeal had been taken from the settlement with and allowance to the appellant. The appeal, if valid, operated to suspend proceedings on the order of allowance, and the auditor in such case was justified in withholding his warrant. If, however, the appeal was not properly allowed by the appellee, then the appellant was entitled to his warrant on the treasurer.

Section 5772, supra, is as follows: "From any decision of such commissioners there shall be allowed an appeal to the circuit court by any person aggrieved; but if such person shall not be a party to the proceeding, such appeal shall not be allowed, unless he shall file, in the office of the county auditor, his affidavit, setting forth that he has an interest in the matter decided, and that he is aggrieved by such decision, alleging explicitly the nature of his interest."

The next section provides that the appeal shall be taken within thirty days after the decision, by filing an appeal bond, etc.

It is seen from the above that if the person proposing to appeal is not a party to the proceedings, the appeal shall not be allowed unless he files with the auditor an affidavit showing that he is aggrieved by the decision, has an interest in the matter decided, and explicitly setting forth the nature of his interest.

While the appellee's answer shows that McVicker filed an

appeal bond and an affidavit, it fails to give the contents or substance of the affidavit. The answer alleges that McVicker was not a party to the proceedings attempted to be appealed from, but wholly omits to state any fact showing that he was a person entitled to take an appeal. The auditor could not allow the appeal without the proper affidavit, and if he did so, the appeal, being unauthorized, did not suspend the appellant's right to the warrant. In fact, the appellee's answer fails to state that he had allowed the appeal, for it is not averred that he had filed a transcript in the office of the clerk of the circuit court. Until that was done the appeal was not perfected. *Commissioners* v. *Holman,* 34 Ind. 256.

The averment in appellee's answer, that McVicker was a citizen and taxpayer of the county, was not sufficient to show that he had an interest in the matter decided by the county board. As to taking bond from the contractor, and probably in other respects, work under the law relating to free turnpike roads, is regarded as county work. *State, ex rel.,* v. *Sullivan,* 74 Ind. 121. But the whole expense of the work must be borne by those whose lands are assessed as benefited by the improvements. Sections 5096, 5097 and 5102, R. S. 1881.

It follows, we think, that one who has no lands assessed for the improvement, though he may be a citizen and taxpayer of the county, has no such interest in any matter decided by the county board with respect to the settlement with or payment of a contractor for improvements, as entitles him to appeal from such decision.

The appellee's answer for failing to show that McVicker had filed an affidavit entitling him to take an appeal from the order granting the appellant the allowance was insufficient, and the demurrer thereto should have been sustained.

Judgment reversed, at appellee's costs, with instructions to the court below to sustain the demurrer to the answer, and for further proceedings.

Filed Jan. 11, 1884.