Hall et al. v. Craig et al.

———◆———

No. 14,337.

HALL ET AL. v. CRAIG ET AL.

PARTIES.—Action for Recovery of Rent.—Substitution of Parties Defendant.—Voluntary Appearance of.—Complaint.—In an action for the recovery of rent, where the tenant filed an affidavit setting forth that certain parties, other than the plaintiff, claimed to be entitled to the rent, and offered to pay the amount due into court, no error prejudicial to the parties so named was committed by substituting them as defendants, and ruling them to answer the complaint. Where the parties so substituted voluntarily appear, they can not successfully assail the ruling of the court upon the ground that they were not brought in by a summons. It was not necessary for the plaintiff to name the substituted defendants in his complaint, as they were not made parties to the original complaint, nor brought into court by him.

Hall *et al. v.* Craig *et al.*

PLEADING.—*Action for the Recovery of Rent.—Cross-Complaint.—Title Through Tax Sale.—Sufficiency of Answer.*—Where the plaintiff and defendants are each claiming the rent which the tenant has paid into court, and one of the defendants files a cross-complaint, alleging that she owns in fee, and long has owned, the real estate in controversy, and is in possession of it, and that the plaintiff wrongfully claims an interest in the property, and demands from her tenant the rent due from him as such tenant, an answer to said cross complaint is good which avers that said property had been sold for delinquent taxes to L., to whom a certificate was issued by the auditor; that afterwards L. presented this certificate and the auditor executed a deed to him for the property; that an action was instituted by L. against the cross-complainant and the tenant to obtain possession of said property and quiet the title to it; that the court adjudged that the deed did not vest title in L., but that there was due to him for taxes paid by him a specified sum, and that this sum was a first lien upon the property ; that a certified copy of the decree was issued to the sheriff who sold the property to the plaintiff, and executed to him a deed of conveyance.

TAX SALE.—*Appraisement of Property.—Right of Redemption.—Sheriff's Deed.—Effect of.*—In a sale of property under a decree of court to foreclose a lien for taxes, the sale as provided for in the act of March 5th, 1883 (Elliott's Supp., section 2143), shall be without the benefit of appraisement laws, and there is no right to redeem from such sale as in the case of ordinary judgments. The sheriff is required to execute a deed in fee simple to the purchaser at a sale made upon a decree foreclosing a tax lien, and the execution of such a deed carries to the grantee a perfect title free from any claim of former owners.

SAME.—*Acts of March 5th and 6th, 1883, Construed.*—The acts of March 5th and March 6th, 1883 (Elliott's Supp., sections 2143 and 2149), construed together, show that it was not the intention of the Legislature to bring cases of sales upon decrees foreclosing tax liens within the statutes providing for the redemption of property sold on judgments and decrees. As to the effect of statutes passed upon successive days, referring to the same subject-matter, and to the amendment of the same section of the statute, see the latter part of the opinion.

From the Clark Circuit Court.

*A. Dowling,* for appellants.

*C. L. Jewett* and *H. E. Jewett,* for appellees.

ELLIOTT, J.—John Craig claimed to be the owner of a lot in the city of Jeffersonville, and that Addison Barrett was in possession of it as his tenant. The tenant, as the

complaint alleges, having failed to pay the rent for one year, Craig, alleging himself to be the landlord, sued for it. Barrett filed an affidavit stating that Robert W. Nock and Jane L. Hall claimed to be entitled to the rent, and offered to pay the amount due into court. Jane L. Hall and Robert W. Nock appeared and objected to the order substituting them as defendants, but the court overruled their objection, and they were made defendants and ruled to answer.

Our code provides for the filing of interpleaders in actions " upon a contract, or for specific real or personal property." Section 273, R. S. 1881. We can perceive no reason why this case is not within the statute, for the action was upon a contract, namely, the lease, and it was for specific real property.

As the defendants brought in by the affidavit voluntarily appeared they can not successfully assail the ruling of the court upon the ground that they were not brought in by a summons.

The defendants named were not made parties to the original complaint, nor brought into court by the plaintiff, and it was not necessary for the plaintiff to name them in his complaint. The issue which the complaint tendered was whether Barrett was liable to the plaintiff for the rent claimed, and when the claimants, Jane L. Hall and Robert W. Nock, asserted that they, and not the plaintiff, were entitled to the money, they tendered an issue new and different from that tendered by the complaint, and the only issue for trial was the one thus tendered ; for, after Barrett interpleaded, there no longer remained an issue as to his liability for the rent, and the only question for trial was who should receive the money paid into court.

If, however, it be conceded that the trial court did err in ordering the defendants named to answer, the plaintiff can not be made to suffer for that error, conceding it to be one, since he did not ask that these defendants should intervene. He did not procure any ruling upon the intervening peti-

tion, and if there was error the appellants can not make him the sufferer. But we have no doubt, as already indicated, that there was no error prejudicial to the appellants. Had they not come in it is quite clear that Craig would have been entitled, upon the facts alleged in the complaint, to recover the rent that Barrett had covenanted to pay, so that if any one had reason to complain it was Craig.

The appellant Jane L. Hall filed a first paragraph of cross-complaint, in which she pleaded these facts : She owns in fee, and long has owned, the real estate in controversy, and is in possession of it. John Craig wrongfully claims an interest in the property and demands from her tenant, Addison Barrett, the rent due from him as such tenant. Craig answered the cross-complaint, and in his answer alleges that Jane L. Hall was for a long time prior to the 14th day of February, 1881, the owner of the property involved in the controversy ; that taxes amounting to a large sum were due upon it and delinquent ; that on the day named the treasurer sold the property to Josiah Locke for $222.30, and the auditor executed to him a certificate ; that on the 16th day of March, 1883, Locke presented his certificate and the auditor executed a deed to him for the property ; that on the 9th day of October, 1883, Locke began an action against Jane L. Hall and Addison Barrett, in the Clark Circuit Court, to obtain possession of the property and to quiet the title to it ; that an issue was formed on the complaint of Locke by an answer of general denial ; that the cause was tried upon the issue joined and the court adjudged that the deed to Locke did not vest title in him, and also adjudged and decreed that there was due to Locke for taxes paid by him $727.27, and that this sum was the first lien upon the property ; that a certified copy of the decree was issued to the sheriff who sold the property to John Craig for $1,000, and executed to him a deed of conveyance.

The answer to the first paragraph of the cross-complaint is good. The decree establishing the lien and directing a

sale was an adjudication of the validity of the lien and of the right of Locke to have the property sold to pay his lien. These questions were conclusively settled, for there was jurisdiction of the subject and of the parties, so that the only question that can arise is whether the sale made upon the decree was effectual to convey title. Upon the facts pleaded there can be no doubt as to the validity and efficacy of the sale. The presumption is that the sheriff did his duty, and made the sale according to law. *Coan* v. *Elliott*, 101 Ind. 275. The answer under mention shows a valid decree, a sale to a third person, and the execution of a deed, and this is *prima facie* sufficient to sustain Craig's title.

In an additional paragraph of the cross-complaint Jane L. Hall alleges substantially the same facts respecting the decree and sale as those set forth in the answer we have summarized, but assails the validity of the sale by the following allegations: " The defendant says the sale was wrongful and invalid for the reason that the said premises were not appraised, and although they were reasonably worth at the time of the sale $6,000 they were sold for the sum of $1,000 only. And the defendant says that immediately upon said sale and the payment of said bid the sheriff executed a deed in fee simple for said premises notwithstanding the defendant was allowed by law one year to redeem the real estate from the sale. And the defendant says that within one year after said sale, to wit, on the 1st day of September, 1883, she filed with the clerk of the Clark Circuit Court her statement showing her interest in the real estate, and paid to the clerk for the purpose of redeeming the property $1,080, being the amount of the bid, with eight per cent. interest, but John Craig refused and yet refuses to accept the same."

There was no error in the ruling adjudging this paragraph of the cross-complaint insufficient. We are much inclined to doubt whether independent of any specific statute providing that there need be no appraisement or no right to redeem within one year after the sale upon a decree fore-

closing a tax lien, the taxpayer has a right to insist upon an appraisement or to assert a right to redeem the property under the statute applicable to ordinary judgments. There is much reason for holding that tax liens are not subject to the rules which govern ordinary cases, for there is everywhere manifested in our revenue statutes the intention to make the system of assessing and collecting taxes a distinct and independent one. The lien at the inception vests in the sovereign, it passes to the purchaser at the sale for delinquent taxes, rights of a peculiar nature are vested in him, and peculiar remedies are provided. The appraisement laws can not be made applicable to such cases, without radical changes, nor can our ordinary redemption laws. But we need not and do not decide the question suggested, for there is a statute expressly enacting that there shall be neither an appraisement nor the right of redemption. The act to which we refer is that of March 5th, 1883, Elliott's Supp., section 2143. This act was received by the Governor on the 28th of February, 1883, and became a law by lapse of time without his approval. It professes to amend section 227 of an act entitled "An act concerning taxation," approved March 29th, 1881, and does amend that section of the act of 1881 in some essential particulars. The act of March 5th, 1883, contains, among others, this provision : "And the sale shall be without the benefit of appraisement laws, and the sheriff shall, upon receipt of the purchase-money, execute to the purchaser a deed in fee simple therefor." The execution of a deed in fee simple carries to the grantee a perfect title free from any claim of former owners, and such is the deed the sheriff is required to execute to a purchaser at a sale made upon a decree foreclosing a tax lien. It seems very clear that there can be no right of redemption in a case where the sheriff is commanded to execute a deed in fee simple. The provisions of the statutes granting the right to redeem from judicial sales, and prescribing the mode of procedure, can not be made to apply to a case where

Hall *et al. v.* Craig *et al.*

upon the payment of the purchase-money the purchaser is entitled to a deed vesting in him an absolute and indefeasible title. But it is not necessary to put the case solely upon the provision quoted, for the tenor of the act of which it forms a part, as well as that of the great body of our revenue laws, indicates that it was not the intention of the Legislature to bring cases of sales upon decrees foreclosing tax liens within the statutes providing for the redemption of property sold on judgments or decrees.

It is assumed, in what we have said, that the act of March 5th, 1883, may be considered as containing the latest effective legislative expression upon the subject, and we shall show the assumption to be just. It is true that on the 6th day of March, 1883, an act was approved by the Governor which assumed to amend the same section as that amended by the act of the 5th of the same month, in which the clause we have quoted from the latter act does not appear. Elliott's Supp., section 2149. If the act of 1881 was entirely superseded by the act of March 5th, 1883, then the act of March 6th, 1883, was inoperative, for it is settled by our decisions that an act assuming to amend an act which has been previously amended is void. *Blakemore* v. *Dolan*, 50 Ind. 194; *Board, etc.,* v. *Smith,* 52 Ind. 420; *Brocaw* v. *Board, etc.,* 73 Ind. 543; *McIntyre* v. *Marine,* 93 Ind. 193; *Feibleman* v. *State, ex rel.,* 98 Ind. 516. A section of a statute superseded by an amendment passes out of existence, and, of course, can not be amended. In this instance, if it be true that the act of March 6, 1883, is the later act, and is to be considered independently of other acts, it is of no force, because it assumes to amend a section of a statute which had ceased to exist. But if the act of March 6th is not wholly inoperative, then it must be considered in connection with other statutes upon the same subject. It is certainly as much as can be granted the appellants to hold that the acts of the session of 1883 must be considered *in pari materia.* Mak-

ing this concession provisionally, and considering the two acts *in pari materia*, it is quite clear that the provision quoted from the act of March 5th is in force. There is nothing in the act approved on the 6th which conflicts with it; on the contrary, the intention of the Legislature is manifested in that act much as it is in the act of the preceding day, although there are no express words declaring that there shall be no appraisement and no redemption. In the act of March 6th it is provided that the court shall decree payment within a reasonable time, and " in default thereof, shall direct that such land or lot be sold therefor, and that the equity and right of redemption of all the defendants in such suit, and all persons claiming under them, shall be forever foreclosed." It is evident that the Legislature did not intend that there should be any redemption under the law governing ordinary judgments or decrees, for it is provided that both the equity of redemption and the right of redemption shall be foreclosed, and that the court shall decree payment within a reasonable time. The plain meaning of the act of March 6th is that the court shall fix the time within which the delinquent taxpayer may pay the taxes, and if he fails to pay them within that time sale shall be made, and the title created by the sale be absolute. But we are not, even upon the theory most favorable to the appellants, to take the provisions of the act of March 6th alone, for they must be considered in connection with the act which became a law on the fifth day of the same month, and thus considered all doubt as to the legislative intention is dissipated. Whether we consider the act of the 5th of March alone, or in connection with that approved on the day succeeding, is immaterial; for in either case the result must be the same, for the latest legislative expression is found in it, either in connection with the act of the 6th, or in its own provisions considered without reference to that act. We need not decide, nor do we decide, that the act of March 5th is to be considered without reference to that of the 6th, because it is wholly unnecessary

to do so; for, granting all that the appellants can even plausibly claim, the two acts must be considered together. Repeals by implication are not favored, and, with this familiar rule in mind, we can not hold that the act of March 6th (conceding it to be valid) repealed that which went into force on the previous day. The utmost that can be granted the appellants (and this is granting very much) is that the two acts of March, 1883, shall both stand, and, if they do stand, they must be construed together. They must, indeed, be construed with reference to the great system of which they form a part, and thus construed there can be no doubt that this appeal must fail.

Judgment affirmed.

Filed Oct. 29, 1890.