## BOARD OF COMMISSIONERS OF THE COUNTY OF LAPORTE ET AL. *v.* WOLFF ET AL.

166 325
f169 93

[20,332. Filed December 6, 1905. Rehearing denied March 27, 1906.]

1. APPEAL AND ERROR.—*Complaint.*—*Special Findings.*—*When Same Question Presented.*—Where the special findings show the same facts that are alleged in the complaint, exceptions to the conclusions of law present the same questions as a demurrer to the complaint. p. 328.

2. COUNTIES. — *Boards of Commissioners.* — *Collusion.* — *Gravel Roads.*—*Fraud.*—Where taxpayers seek to enjoin the board of commissioners from making further payments to the contractors of a gravel road, on the grounds of fraud and of an alleged corrupt, fraudulent and collusive agreement, a finding of gross negligence or wilful disregard of duty will not sustain such suit, a finding of such corrupt contract and of the facts constituting such fraud being absolutely necessary. p. 328.

3. SAME.—*Boards of Commissioners.*—*Orders of.*—*Collateral Attack.*—The judgment and proceedings of a board of commissioners cannot be collaterally attacked solely because of negligent, unwise and harmful conduct. p. 330.

4. SAME.—*Boards of Commissioners.*—*Appeals from.*—*Injunction.*—*Gravel Roads.*—*Construction.*—An appeal lies, under §7859 Burns 1901, §5772 R. S. 1881, from the final action of the board of commissioners in accepting and paying for the construction of a gravel road, and such remedy usually precludes the right of taxpayers to an injunction. p. 330.

From Marshall Circuit Court; *A. C. Capron,* Judge.

Suit by Charles Wolff and others against the Board of Commissioners of the County of Laporte and others. From a decree for plaintiffs, defendants appeal. Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590. *Reversed.*

*Frank E. Osborn* and *W. A. McVey,* for appellants.

*C. R. & J. B. Collins* and *James F. Gallaher,* for appellees.

MONTGOMERY, J.—This suit was brought by Charles Wolff and others, as taxpayers of the townships of Springfield, Coolspring and Michigan, in Laporte county, against the board of commissioners of said county, the individual members of said board, and Arlantis Runyan, Thomas W. Sullivan and Calvin L. Cree, copartners and contractors for the construction of certain free gravel roads in said townships. The action was dismissed as to defendant Calvin L. Cree. The complaint was in a single paragraph, and sought to enjoin the board from accepting said roads as completed according to contract, from allowing the claims of the contractors for work, and from causing such claims to be paid. The complaint was answered by a general denial. The venue of the cause was changed to the Marshall Circuit Court. The cause was tried by the court, and at appellants' request a special finding made and conclusions of law stated thereon. Motions for a new trial were overruled, and judgment was rendered for appellees. The contractors Runyan and Sullivan appealed, and made the board of commissioners a coparty; but it has taken no steps to secure a reversal of the judgment.

The assignment of errors by Runyan and Sullivan challenges the sufficiency of the complaint, the correctness of each conclusion of law stated, and the decisions of the court in overruling motions to modify the judgment, and for a new trial.

The complaint alleges in detail all the proceedings leading up to the improvement of the roads and the letting of the contract to appellants Runyan and Sullivan at their bid of $83,675, which was the lowest bid offered for said work. It is averred that a contract was duly entered into between the board and said Runyan and Sullivan, whereby said appellants, for the consideration named, agreed to con-

struct said roads in accordance with the plans, profiles and specifications therefor adopted by the board, copies of which were attached to the complaint; that the total length of said roads was about twenty-five miles; that said appellants had performed work thereon and had received estimates and allowances to the aggregate amount of $46,000; that the board and the engineer placed in charge of said work, in disregard of their duties and of the interests of appellees, had negligently and wilfully permitted said contractors to perform said work defectively and in violation of said contract, in failing properly to grade the roadbeds, to roll the surface of the roads after full completion, to make the side slopes, ditches, cuts and fills conform to plans and specifications, to put in the required number of culverts, and to flood said roadways; that the board knowingly permitted such violations of the contract, and made the contractors allowances in excess of the value of the work done, in defiance of the terms of the contract, and over the protests of appellees and other taxpayers; that all of said acts "were negligently and wilfully done in fraud of the rights of these plaintiffs and of all the taxpayers of said townships, and in pursuance of a fraudulent agreement and collusion entered into between said commissioners and said contractors to permit said contractors to perform the work upon said highways in an improper, deficient and slighting manner, and contrary to the contract," etc., and that the commissioners were intending negligently, wilfully and fraudulently to accept said improper and defective construction of said roads in compliance with the contract, and to pay the contractors for such defective work and materials the full amount that would be due upon full compliance with the contract. Other allegations setting forth details, usual in suits of this character upon the subject of damages, follow, and the prayer is as indicated in the opening statement.

We. need 'not examine the complaint and determine its sufficiency, since there was a special finding of facts made, and appellants' exception to the conclusions of law

1. presents the same question as their demurrer to the complaint. *Ross* v. *Van Natta* (1905), 164 Ind. 557 ; *Philip Zorn Brewing Co.* v. *Malott* (1898), 151 Ind. 371 ; *Runner* v. *Scott* (1898), 150 Ind. 441 ; *Woodward* v. *Mitchell* (1895), 140 Ind. 406.

The finding of facts is quite lengthy, and can not be reproduced with propriety in this opinion; but the only finding in direct support of the alleged fraudulent

2. agreement pleaded is as follows: "The court finds that the acts and omissions of the members of said board of county commissioners, and of said board of county commissioners, in permitting said contractors to carry on the work of constructing said roads contrary to the plans, profiles and specifications and contrary to the contract entered into by said contractors with the board of county. commissioners, and in the manner as set forth in these findings, and in permitting said roads to be constructed in a manner other than provided for by said contract, plans, profiles and specifications as set up in the foregoing findings, and in allowing moneys and payments to said contractors for work which had not been performed according to said contract, and for work done in an unworkmanlike, deficient and improper manner, were and are in fraud of the rights of these plaintiffs and of all the other taxpayers of said townships of Springfield, Coolspring and Michigan, in Laporte county, State of Indiana; that the acts and omissions of the defendants, said contractors, in constructing the work in the improper, deficient and unworkmanlike manner, and contrary to the terms of the contract, plans, specifications and profiles as found in the findings herein, were and are a fraud upon the rights of the plaintiffs and said taxpayers, and that said board of county commissioners intended to accept such construction of said roads as

proper and pretendedly in compliance with said contract, plans, profiles and specifications, and to pay for the same from the moneys collected by taxation from these plaintiffs and the other taxpayers of said townships, without deduction on account of the imperfect and deficient work as found in the findings herein, which said acts amount to and constitute a fraud upon these plaintiffs and the other taxpayers of said townships."

The complaint alleged that the board had entered into a corrupt and collusive agreement with the contractors, and that the acts complained of and threatened were done and to be taken in pursuance of such agreement and to the injury of appellees. This was a material allegation, and the existence of the alleged fraudulent agreement was indispensably necessary to the relief sought. A mere finding of negligence, however gross, or a wilful disregard of duty on the part of the board in the conduct of this business, will not suffice to sustain this charge. When fraud is relied upon as a basis of an action, it must be pleaded as a fact, and the facts and circumstances constituting the fraud must be set out clearly and with particularity. *Conant* v. *National State Bank* (1889), 121 Ind. 323, 329; *Bodkin* v. *Merit* (1885), 102 Ind. 293, 297; *Hardy* v. *Brier* (1883), 91 Ind. 91, 95; *Seward* v. *Town of Liberty* (1895), 142 Ind. 551, 553.

The same rule of particularity and certainty should apply in a finding of facts to sustain a charge of fraud, as fraud will not be inferred and is never indulged as a legal presumption. In this case there are no findings that any member of the board of commissioners had been corrupted, or had acted in bad faith and in pursuance of any collusive agreement with the contractors, or from any improper motive, or was intending so to act in the future. The finding is merely to the effect that the past acts of the board and those intended to be performed in the future, were and would be so far erroneous as to amount in law to

a fraud upon the rights of appellees.  In the same sense it might be said that any mistaken or erroneous judgment inflicting considerable injury upon a party would amount to a legal fraud upon his rights.  The integrity of a board of commissioners cannot, in a collateral proceeding, be thus impeached, and its jurisdiction over a matter specially committed to its control be ousted solely because of negligent, unwise and harmful conduct.  The existence of the fraudulent agreement and collusion between the board and the contractors, upon which the suit was predicated and the jurisdiction of the circuit court invoked, should have been found as a fact, and its absence is fatal to the maintenance of this action.

A direct remedy by appeal from the final action of the board in accepting the work as complete and making allowances therefor is provided in favor of the parties in interest in proceedings for the construction of free gravel roads under §7859 Burns 1901, §5772 R. S. 1881.  *Matter* v. *Stout* (1884), 93 Ind. 19, 22; *McCoy* v. *Able* (1892), 131 Ind. 417.  Ordinarily, a remedy by appeal will be effective and adequate, and forbid resort to the harsh remedy of injunction.  *Tackett* v. *Stevenson* (1900), 155 Ind. 407; *Board, etc.,* v. *Dickinson* (1900), 153 Ind. 682, and cases cited.

If it be conceded that the allegations of the complaint in this case were sufficient to show that the legal remedy by appeal was inadequate, still there could be no recovery by appellees in the absence of a finding of fact that the board and the contractors had entered into a corrupt and fraudulent agreement to do the wrongful things complained of, and that the threatened action of the board was actuated by fraudulent motives and to be taken in pursuance of such corrupt and collusive agreement.

The conclusions of law in favor of appellees were not warranted by the facts found, and conclusions of law should have been stated in favor of appellants.

The judgment is reversed, with directions to the court below to restate conclusions of law in favor of appellants, and to render judgment accordingly.