## BLISS *v.* GALLAGHER ET AL.

[No. 8,745.   Filed June 18, 1915.   Rehearing denied November 4, 1915.   Transfer denied January 7, 1916.]

1. TAXATION.—*Foreclosure of Tax Lien.—Sale.—Collateral Attack.*— Unless the sale of land had in pursuance to an order foreclosing the tax lien and directing the sale is void for some reason apparent on the record, a collateral attack can not be maintained.   p. 460.

2. TAXATION.—*Foreclosure of Tax Lien.—Sale Without Appraisement.—Validity.*—Section 8640 Burns 1894, Acts 1891 p. 199, §222, relating to quieting title to land purchased at sales for delinquent taxes, and providing for the foreclosure of tax liens where the delinquent sale is ineffective to convey title, does not contemplate or require that an appraisement of the land shall be had before offered for sale in pursuance to an order foreclosing the tax lien and directing a sale, and hence a sale without such appraisement is not for that reason invalid.   p. 460.

3. TAXATION.—*Foreclosure of Tax Lien.—Sale.—Title Conveyed.*— The sale of property to satisfy the lien for taxes in favor of one who was the purchaser at a delinquent tax sale, made pursuant to an order foreclosing the lien and directing such sale in a proceeding to quiet title properly brought under §8640 Burns 1894, Acts 1891 p. 199, §222, and the execution of a deed in fee simple by the sheriff, carried to the purchaser a perfect title free from any claims of former owners.   p. 461.

4. TAXATION.—*Foreclosure of Tax Lien.—Parties.*—A sale of land in 1900 pursuant to an order foreclosing a tax lien and directing such sale was binding on the grantors of one asserting title as against the purchaser at such sale, notwithstanding such grantors were not parties to the foreclosure proceedings, where it appeared that, though at the time holding a deed from the one in whose name the land rested during the period in which the taxes for which it was sold accumulated, they neglected to record such deed until several years after the foreclosure sale, in view of the provisions of §8640 Burns 1894, Acts 1891 p. 199, §222, that no outstanding unrecorded deed shall be of any effect as against the title or right of a complainant as fixed and declared by the decree made in a cause thereunder, and of §3962 Burns 1908, §2931 R. S. 1881, that a deed not timely recorded shall be deemed fraudulent as against a subsequent purchaser without notice.   p. 461.

5. TAXATION.—*Tax Sales.—Quieting Title.—Statutory Provisions.— Right to Declare Lien.*—Under §8640 Burns 1894, Acts 1891 p. 199, §222, authorizing the purchaser of land at a sale for delinquent taxes to maintain a suit to quiet his title, the court in such a suit, if he finds such sale to have been insufficient to convey title, may declare the lien of the purchaser for taxes and penalty as valid, and order a foreclosure of such lien.   p. 462.

6. VENDOR AND PURCHASER.—*Purchaser from Holder of Unrecorded Deed.—Notice.*—One purchasing from grantors whose claim or title rested on a deed which they had held for nineteen years without placing it of record, was chargeable with notice of the condition of the record and the rights of one who in the interval had purchased the land at a sale held pursuant to the decree in a proceeding foreclosing a lien for taxes. p. 463.

7. APPEAL.—*Review.—Harmless Error.*—Where it appears that the right result has been attained any intervening error will be deemed harmless. p. 463.

From Lake Superior Court; *Johannes Kopelke,* Judge.

Action by Jonathan Bliss against William S. Gallagher and others. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*Sheehan & Lyddick,* for appellant.

*E. Miles Norton, George P. Rose* and *L. V. Cravens,* for appellee.

SHEA, C. J.—Appellant brought this suit against appellees to quiet title to and obtain possession of certain real estate in Lake County, Indiana. The complaint was in two paragraphs, the first to quiet title, and the second in ejectment, to which appellees filed answer in three paragraphs, the first a general denial, the second setting up ten-year statute of limitations, and the third giving a history of appellees' interests, and how they were acquired. A cross-complaint was also filed by appellees, but no question is raised as to its sufficiency. Demurrers to the second and third paragraphs of answer were overruled. A reply in general denial to said paragraphs of answer, and to the cross-complaint, formed the issues submitted to the court for trial. Upon proper request, the court made a special finding of facts, and stated conclusions of law thereon.

In substance, it is shown by the special finding of facts that one John Saxe is the common source of title of both appellant and appellees, he having

purchased the land in controversy, being lots 7 to 21 inclusive, situate in Lake County, Indiana, from Frances M. Roe, on August 29, 1892, by deed duly recorded on August 30, 1892, whereby he became the full and legal owner of said lots. On May 6, 1893, he and his wife executed a deed for the lots to the father of Sarah A. Saxe, one Joseph Waterman, for the purpose of placing title in himself and wife together, which deed was duly recorded on June 21, 1893, and on June 12, 1893, Waterman, in accordance with previous arrangement, executed a deed for the lots to John G. Saxe and Sarah A. Saxe, husband and wife. This deed was not recorded until August 26, 1912. The lots in question were duly carried on the tax duplicate of Lake County from 1893 up to the present time, and the taxes assessed were properly extended from year to year; that said Waterman failed to pay any and all of the taxes assessed upon the lots during the years 1893 to 1898 inclusive, which were returned delinquent by the treasurer of Lake County to the auditor, and the lots were placed upon the delinquent list of the county for the year 1898. On February 14, 1898, the lots were sold by the proper officers to William S. Gallagher, appellee, while yet standing in the name of Joseph Waterman upon the tax duplicates and delinquent list; that William S. Gallagher paid the amount charged against the lots, and costs of sale, and received a certificate from the auditor and treasurer of the county, showing tax sale to him, and the amount for which the lots had been so sold. No person redeemed from the tax sale within the time prescribed by law, and on March 9, 1900, the auditor of Lake County issued to Gallagher a tax deed in statutory form. On March 27, 1900, Gallagher brought an action in the superior court of Lake County to quiet his title to the lots,

making Joseph Waterman a defendant thereto, but not John G. and Sarah A. Saxe. This complaint was neither changed nor amended. The affidavit filed for the purpose of obtaining an order for publication of notice to nonresident defendants stated that the action in which it was filed was one to quiet title to real estate in the county, and did not in any other manner indicate the nature of the action. None of the defendants named in the action ever appeared thereto, and upon affidavit duly prepared and filed, showing nonresidence of the defendants to his action, among whom was Joseph Waterman, the court ordered notice returnable June 4, 1900, to be given defendants by publication in a newspaper. On June 25, 1900, at the June term of court, the cause of William S. Gallagher against Joseph Waterman and others was submitted to the court, and it was found that the defendants had been duly notified of the pendency of the action by publication of notice for three successive weeks in the Lake County News, a public weekly newspaper of general circulation in said county, on the twelfth, nineteenth and twenty-sixth days of April, 1900. Thereupon defendants were duly called in open court, but made default. The cause was tried by the court without a jury, and a finding made for plaintiff Gallagher that although the tax deed introduced in evidence by him was insufficient to convey title, the same constituted a valid lien in his favor upon the real estate described, in the sum of $59.92; that the lien should be foreclosed against all defendants, and in event they failed to pay the amount due plaintiff, together with costs and interest as set out in the decree of court, within sixty days from the date of judgment, the real estate described in the complaint should be sold by the sheriff of Lake County as lands are sold, with-

out redemption, to make the amount of plaintiff's claim. Judgment was rendered accordingly, and the sheriff was ordered by the court at said time to execute to the purchaser of the real estate a deed conveying same to him; that no person paid the amount so found due Gallagher upon his lien within the sixty days fixed, nor at any other time, and on December 1, an order of sale upon the judgment and decree was duly issued by the clerk of the court to the sheriff, who advertised the lots for sale under said order, and decree, in the manner and for the time prescribed by law preceding such sale in a public weekly newspaper in said county. On December 29, 1900, the sheriff proceeded to sell the lots, first offering the rents and profits thereof for a period not exceeding seven years, by the year, by parcels, and in gross, and receiving no bids, offered the fee simple right of defendants to each separate lot, for cash, or any or either of them, the purchaser to designate which, whereupon, receiving no bids, he offered and sold in compliance with the order, the fee simple right of defendants in and to the real estate described in the order of sale, for cash, to William S. Gallagher, executing to him his deed conveying the lots, based on the order of sale and judgment of the Lake Superior Court. That the sheriff before making the sale did not in any manner cause the lots, or any of them, to be appraised by any person, either as to their full value, or as to the value of the rents and profits thereon for a year or any term of years. Upon receiving the sheriff's deed Gallagher took exclusive possession of the lots and has held the same ever since, and now holds the same, a part himself, and a part by other defendants, as his tenants and licensees. That in fact Joseph Waterman had on June 12, 1893, executed a deed of conveyance to John G. and Sarah A. Saxe, but said deed was not

recorded until August 26, 1912, and at the time of his purchase of the lots at the tax sale, and at the time of carrying on his action to quiet his title to the lots, William S. Gallagher had no information or knowledge of any kind of the existence of the deed, or of the fact that said Waterman had ceased to be the owner thereof, and that John G. and Sarah A. Saxe had become the owners by virtue of the deed from Waterman to them. That John G. and Sarah A. Saxe, on August 19, 1912, sold and conveyed the lots to the plaintiff in this action, appellant Bliss, for a valuable consideration and said deed was duly recorded in the recorder's office of Lake County, August 28, 1912.

Upon these facts the court stated the law to be with appellees in this action; that appellant Bliss take nothing by his complaint; that appellee Gallagher is the owner of the lots described in the finding, and upon the cross-complaint of appellee Gallagher his title to the lots involved in this action should be quieted as against all claims of appellant, and rendered judgment accordingly.

The controlling questions involved in this appeal may be determined from a consideration of the court's conclusions of law, to which exceptions were duly saved.

The act in force and governing this transaction is the act of March 6, 1891, being §222, Acts 1891 p. 199, §8640 Burns 1894. It is argued that inasmuch as the sale was not ordered without relief from valuation and appraisement laws, the sale was invalid, because the property was sold without such appraisement. The facts found disclose that appellee Gallagher received a tax deed from the auditor of Lake County for the property in question March 9, 1900. He began his action to quiet title March 27, 1900. On June 25, 1900, appellee's deed

was declared insufficient to convey title, but his lien for the sum of $59.52 was held to be valid, and was ordered foreclosed as against all defendants upon terms set out in the special findings. Pursuant to said order, the lots were sold by the sheriff on December 29, 1900. The deed was delivered to appellee, and he took immediate possession of the premises. This is conceded to be a collateral attack on the proceedings, and unless the sale is void for some reason which appears from the record, it will withstand such attack. *Larimer* v. *Krau* (1914), 57 Ind. App. 33, 103 N. E. 1102, 105 N. E. 936; *Friebe* v. *Elder* (1914), 181 Ind. 597, 105 N. E. 151; *Dodge Mfg. Co.* v. *Kronewitter* (1914), 57 Ind. App. 190, 104 N. E. 99; *Palmerton* v. *Hoop* (1892), 131 Ind. 23, 30 N. E. 874; *Brooks* v. *Morgan* (1905), 36 Ind. App. 672, 76 N. E. 331.

Upon the question of valuation and appraisement of real estate sold pursuant to an order foreclosing a tax lien, under a former statute, the reasoning in the case of *Hall* v. *Craig* (1890), 125 Ind. 523, 25 N. E. 538, while decided before the passage of the statute under consideration, may well be applied to the construction of the present statute. The court, at page 527, used this language: "We are much inclined to doubt whether independent of any specific statute providing that there need be no appraisement or no right to redeem within one year after the sale upon a decree foreclosing a tax lien, the taxpayer has a right to insist upon an appraisement or to assert a right to redeem the property under the statute applicable to ordinary judgments. There is much reason for holding that tax liens are not subject to the rules which govern ordinary cases, for there is everywhere manifested in our revenue statutes the intention to make the system of assessing and collecting taxes a distinct and

independent one. The lien at the inception vests in the sovereign, it passes to the purchaser at the sale for delinquent taxes, rights of a peculiar nature are vested in him, and peculiar remedies are provided. The appraisement laws can not be made applicable to such cases, without radical changes, nor can our ordinary redemption laws." While the section of the statute under consideration does not expressly provide that the sale shall be without valuation and appraisement, the whole theory of our tax laws, as aptly stated by the learned judge who delivered the opinion in the case of *Hall* v. *Craig, supra,* warrants us in concluding that no such appraisement was contemplated or required. Therefore, no error can be predicated upon the failure of the court to so order such sale, and it follows that the sheriff's sale was in this respect fully in accordance with the law. The sale of property to satisfy the lien, and the execution of the deed in fee simple by

3. the sheriff, carried to appellee a perfect title, free from any claims of former owners. Such is the deed the sheriff is required to execute to a purchaser upon a decree foreclosing a tax lien.

It is earnestly argued that since the Saxes, appellant's grantors, were not parties to the record and proceedings of the court foreclosing the

4. lien for taxes, they are not bound thereby. The findings of fact show that appellant claimed his title through John G. and Sarah A. Saxe, who held an unrecorded deed from Joseph Waterman for a period of nineteen years. Both appellant Bliss and the Saxes, therefore, derived their title through Joseph Waterman, who was duly made a party by publication. The findings disclose that the notice published was sufficient. No infirmity therein has been pointed out, and we are able to discover none which can affect the result in this

case. So much of the above section of the statute (§222, Acts 1891 p. 199, *supra*) as bears upon this point reads as follows—"and no outstanding unrecorded deed, mortgage or claim shall be of any effect as against the title or right of the complainant as fixed and declared by the decree made in such cause." It must be further borne in mind that §3962 Burns 1908, §2931 R. S. 1881, provides that deeds shall be recorded within forty-five days; that a deed not so recorded shall be deemed to be fraudulent as against a subsequent purchaser without notice of the existence of such unrecorded deed. Appellant Bliss is in no better position than the Saxes would have been, had they retained title, and instituted suit on their own behalf. The language with respect to the rights of a holder of an unrecorded deed is plain and unequivocal. His claims are of no effect as against the right and title of the complainant so fixed, and therefore, unless it can be said that the judgment or sale was void, appellant in this case can assert no rights in this appeal.

It is further argued that since the original complaint filed by appellee Gallagher was a suit to quiet his title obtained through a tax deed 5. executed by the sheriff, that the judgment of the court declaring said tax deed invalid, but holding the lien for taxes, and penalty as valid, and ordering a foreclosure thereof, was without the issues, and therefore invalid. The statute above quoted provides specifically that in such cases where the deed so executed is found to be invalid, the cause shall not be dismissed, but the lien of the State shall be transferred to the grantee, and shall be foreclosed upon the terms provided.

There are other principles of law, which, applied to the facts in this case, would defeat appellant's contention, which we need not discuss in detail.

Bliss *v.* Gallagher—60 Ind. App. 454.

We suggest that since appellant's grant-
6.   ors, the Saxes, held an unrecorded deed for
more than nineteen years, during which period
of time, in so far as the record shows, they paid no
attention to the property, but failed and refused to
pay taxes assessed against it by the State, thereby
avoiding all personal liability therefor, and leaving
appellee in undisputed possession for more than
twelve years of that time, neither the Saxes nor
their grantor Waterman presents to this court a state
of facts which appeals strongly for relief.   Appel-
lant Bliss evidently knew all the facts in connec-
tion with the transaction, as the deed to him from
the Saxes was executed two days after the deed from
Waterman to them was recorded.   At all events, ap-
pellant Bliss is charged with full knowledge of the
facts disclosed by the record.   It is specially found
that appellee Gallagher had no knowledge of the un-
recorded deed held by the Saxes.

In view of the conclusion we have reached, we
need not consider the alleged error of the court in
overruling demurrers to the second and third
7.   paragraphs of answer.   Any ruling of the court
upon said demurrers would be harmless in so
far as any rights of appellant are concerned.   This
court will not concern itself with intermediate er-
rors in rulings on demurrers to pleadings, where a
right conclusion is reached, as shown by the special
findings.   Sections 350, 407, 700 Burns 1914, §§345,
398, 658 R. S. 1881; *Ray* v. *Baker* (1905), 165 Ind.
74, 74 N. E. 619; *Board, etc.* v. *Wolff* (1906), 166
Ind. 325, 76 N. E. 247.   Judgment affirmed.

NOTE.—Reported in 109 N. E. 215.   As to who may purchase and
enforce tax titles, see 75 Am. St. 229.   See, also, under (1) 37 Cyc
1378; (2) 37 Cyc 1392; (3, 4) 37 Cyc 1394; (5) 37 Cyc 1520; (6) 39
Cyc 1719, 1726; (7) 3 Cyc 383.