## THE BOARD OF COMMISSIONERS OF THE COUNTY OF ORANGE *v.* CHASTAIN.

[No. 22,720. Filed February 23, 1916.]

1. HIGHWAYS.—*Completion of Contracts.*—*Boards of County Commissioners.*—*Powers.*—Under §7733 Burns 1914, Acts 1905 p. 521, §79, vesting the board of county commissioners with full power to determine whether the construction of a gravel road has been completed according to contract, subject to appeal to the circuit court where the cause shall be tried *de novo*, the board of commissioners may of its own motion call the contractor before it for hearing as to whether the road has been completed, and there is no other tribunal vested with original juridiction to determine when the contractor has discharged the obligation of his contract; hence, where the board called a contractor before it, and after hearing, adjudged that the road was not completed according to contract and ordered that the improvement be readvertised and relet, from which order the contractor appealed to the circuit court, such court erred in dismissing the cause on the ground that the proceedings were adversary between the board and the contractor so as to deprive the board of authority to act. p. 443.

2. HIGHWAYS.—*Completion of Contracts.*—*Failure of Superintendent to Certify Completion.*—*Rights of Contractor.*—Where the engineer in charge of a highway improvement fails to certify its completion as required by §7733 Burns 1914, Acts 1905 p. 521, §79, the contractor may file his petition claiming its completion. p. 443.

From Orange Circuit Court; *William H. Paynter,* Judge.

Proceedings before the Board of Commissioners of Orange County, to determine whether the contract of Jacob R. Chastain for the construction of a gravel road had been completed. From a judgment dismissing the cause on appeal to the circuit court, the Board of Commissioners appeals. *Reversed.*

*B. Harvey,* for appellant.
*Elliott & Houston,* for appellee.

ERWIN, J.—It appears from the record in this case that in the year 1912, appellant had ordered the building of a certain gravel road in Orange County and had let the contract for its construction to ap-

pellee, who by the terms of his contract was required to complete the road on or before December 24, 1912. That in the following August, appellant notified appellee to appear before said body and be heard as to whether the road was completed, and if not completed then to determine the advisability of reletting the same; all of which was in the line of the duty imposed upon appellant under the statute. Appellee appeared before the board, and it was found and entered of record that the work was not completed according to the contract, and ordered that the improvement be readvertised and relet. From this order appellee appealed to the circuit court, where he interposed a motion to dismiss the proceedings, which motion is as follows: "1. This cause of action originated before the board of commissioners of Orange County, Indiana, and came before the said board of commissioners for hearing and was passed upon by the said board of commissioners in a judicial capacity, and finding and judgment was rendered by them in favor of themselves as commissioners of said county and against the defendant. 2. That said cause of action is an adversary proceeding and was begun by the board of commissioners of Orange County, State of Indiana, as plaintiff against Jacob R. Chastain as defendant, before the board of commissioners of Orange County, State of Indiana, as a court or judicial tribunal. Wherefore defendant prays that said cause be dismissed." This motion was sustained by the court and the cause was dismissed with judgment against appellant for cost.

Section 7733 Burns 1914, Acts 1905 p. 521, §79, vests the board of commissioners with full power to determine the question of whether a contract for the building of gravel road has been completed according to contract, subject to appeal to the

circuit court, where the question shall be tried de novo. This section also makes it the duty of the engineer in charge of the work, to certify the completion of the improvement when the same has been accomplished and provides that interested parties may appear and remonstrate against the acceptance of such work. A trial is provided for in said statute and a provision that either party may appeal to the circuit court of the county where the question shall be tried de novo. The engineer in charge of this work failed and refused to certify its completion, and appellee in March, 1913, filed a petition claiming that the same was completed. This proceeding was authorized under the holdings in Board, etc. v. Branaman (1907), 169 Ind. 80, 92, 82 N. E. 65. Remonstrances were filed by interested taxpayers to this petition, whereupon appellee dismissed his petition. Then follows the proceeding above mentioned.

It is insisted by appellee that appellant had no authority to call him before it on its own motion and that in doing so it was instituting an adverse proceeding, to which the board of commissioners was plaintiff, before its own tribunal, as set out in his motion to dismiss. The legislature has vested in the boards of commissioners of the several counties of the State the power to build gravel roads. It is their duty to see that the work is done with proper dispatch and according to the contract, and even if the engineer fails to certify its completion or the contractor fails to complete the work according to plans and specifications, or within the time, a board would be remiss in its duty if it took no steps towards the completion of the work according to the contract. The board of commissioners is given full power in these matters and if the engineer fails to certify the work as completed

the board has the power to institute such proceedings as will give it the information desired.

Appellee had been before appellant and notified it that the work was completed according to contract. In fact he had presented a sworn statement that it had been so completed. He dismissed this statement, however, but still claimed that it was built according to contract. Appellee was notified to appear before the board and was there given an opportunity to be heard as to whether said improvement was completed according to contract, and being dissatisfied with the board's finding appealed to the circuit court.

There is no other tribunal vested with original jurisdiction to determine when the contractor has discharged the obligation of his contract and it was not such an adverse proceeding as that the board of commissioners had no authority to act. The proceedings were such as the statute authorizes and the appeal to the circuit court was in conformity with the law, and it was the duty of the court to try the case *de novo*, and hence it erred in dismissing the cause. The judgment of the court is reversed with instructions to the court below to overrule appellee's motion to dismiss the cause and to further proceed in accordance with this opinion.

Note.—Reported in 111 N. E. 630. As to right of contractor to file petition claiming completion of work and asking payment on failure of architect or engineer to certify to completion, see Ann. Cas. 1913 A 180. See, also, under (1, 2) 37 Cyc 235.