James M. Reese, Clifford Pryor, and William E. Savery Individually and as constituting the Bureau of Registration for New Castle County, and Edwin W. Hutchison, Plaintiffs Below, Appellants, v. John J. Hartnett, S. Gilbert Pierce, and George R. Clark, Constituting the Levy Court of New Castle County, Defendants Below, Appellees, and Wayne C. Brewer, John W. Foreman, Christopher S. Glover, Robert A. Groves, T. Muncey Keith, Leon H. Ryan, Sigmund Schorr, Walter J. Scott, and William O. Wingate, as claiming to constitute the Bureau of Registration for New Castle County, and Thomas M. Adamson, Additional Defendants Below, Appellees.

(*June* 13, 1950.)

Harrington, Chancellor, Richards, C. J., Terry, Layton, J. J., and Seitz, Vice-Chancellor, sitting.

*Thomas Cooch* (of Morford, Bennethum, Marvel and Cooch) for Appellants.

*Percy Warren Green* for Appellees.

Supreme Court of the State of Delaware.

HARRINGTON, Chancellor, delivering the opinion of the majority of the Court:

The question raised by the appeal is whether James M. Reese, Clifford Pryor and William E. Savery are the legally appointed members of the Bureau of Registration for New Castle County and whether Edwin W. Hutchison is its secretary.

The Governor appointed and commissioned Reese and his associated members of the Bureau of Registration on January 14, 1950, for terms that have not yet expired, and their personal qualifications for the office under the statute are not denied. After their appointment they met and organized by electing one of their number president of the Bureau and by electing Edwin W. Hutchison secretary.

The defendants, Brewer and his eight associates, claim that they are the legal members of the Bureau of Registration for New Castle County and that Thomas M. Adamson is their legally elected secretary. The declaratory judgment entered by the court below sustained their claims, but the appellants deny its validity.

The case involves questions of statutory construction, but the basic problem is whether Chapter 185, Volume 46, Laws of Delaware, or any part of it, is valid and enforceable. The answer to this problem requires a consideration of other statutes.

Chapter 144, Volume 45, Laws of Delaware, entitled "An Act to Create a Bureau of Registration for New Castle County," enacted in 1945, in part, provided:

"Section 1. Bureau of Registration for New Castle County; How Constituted:—For the objects and purposes hereinafter set forth, a Bureau of Registration for New Castle County is hereby established and constituted to consist of three members appointed in the manner and for the terms hereinafter stated and with the powers and duties prescribed in the sections following and by any law of this State now or hereafter enacted."

Section 3 appointed three named persons members of the Bureau of Registration for New Castle County for terms ending January 15, 1946, January 15, 1947, and January 15, 1948. It provided that they should meet and organize by electing one of their members president and that they should also elect a secretary. The president and secretary so elected were to serve until their successors were duly elected.

"Section 4. Members Appointed by Governor; When Terms: —Commencing with the year 1946, in the month of January, and on or before the fifteenth day thereof, and every third year thereafter in the month of January and on or before the fifteenth day thereof, the Governor shall appoint one person to be a member of the Bureau of Registration for New Castle County for a term of three years, and in the year 1947, in the month of January, and on or before the fifteenth day thereof, and every third year thereafter in the month of January and on or before the fifteenth day thereof, the Governor shall appoint one person to be a member of the Bureau of Registration for New Castle County for a term of three years, and in the year 1948, in the month of January, and on or before the fifteenth day thereof, and every third year thereafter in the month of January and on or before the fifteenth day thereof, the Governor shall appoint one person to be a mem-

ber of the Bureau of Registration for New Castle County for a term of three years."

Other sections of the Act are unimportant.

Section 1 of Chapter 185, Volume 46, entitled "An Act to Amend an Act to Create a Bureau of Registration for New Castle County" amended the quoted Section 1 of Chapter 144, Volume 45, by striking out the words "three members" and inserting in lieu thereof the words "eleven members."

Section 2 of the same Act also amended Chapter 144, Volume 45 by repealing all of Sections 2, 3, 4 and 5 and inserting in lieu thereof a new Section 2 which, in part, provided:

"Section 2. Members; Organization; Salaries and Expenses; How Paid:—The members of the Department of Elections for New Castle County as constituted from time to time after April 15, 1947, shall constitute from and after the effective date of this Act the Bureau of Registration for New Castle County.

*　　*　　*　　*　　*　　*

"The members of the Bureau of Registration shall receive no compensation for their services as such other than their compensation as members of the Department of Elections. The Secretary of the Bureau of Registration shall receive a salary to be fixed by the Bureau not to exceed $3600.00 per annum, which salary shall be paid by the Levy Court of New Castle County in the same manner as County Officers are paid."

Section 3 provided for the continuance of the members and employees of the old Bureau of Registration until the organization of the new Bureau.

Section 4 provided that the Act should become effective April 15, 1947.

Chapter 182, Volume 46, Laws of Delaware, enacted in 1947

to become effective April 15, 1947, entitled "An Act to Amend Chapter 57 of the Revised Code of the State of Delaware, 1935, as Amended, entitled, 'Department of Elections for New Castle County' ", increased the number of that department from nine to eleven members, and in Section 3 provided a new method of appointment. This court subsequently held, however, that the mode of appointment so adopted violated the State Constitution and it followed that Chapter 182, Volume 46, Laws of Delaware was a nullity and that Chapter 57 of the Code, which had created a nine member Department of Elections, was still in effect. *State ex rel. James* v. *Schorr,* 6 *Terry* 18, 65 *A. 2d* 810, 821. Thereafter, the defendants, Brewer and his associates, constituting the old nine member Department of Elections, met and organized, claiming to be the Bureau of Registration under Section 2 of Chapter 185, and elected Thomas M. Adamson its secretary.

██ Both Chapters 185 and 182, Volume 46, Laws of Delaware, were introduced in the Legislature on the same day, were passed at the same session, approved by the Governor on April 4, 1947, and were to take effect on April 15, 1947. Both dealt with the conduct of elections, and from their provisions and legislative history it is reasonable to conclude that they were intended to be companion Acts which must be considered together in determining their meaning and effect. See *State ex rel. James* v. *Schorr, supra; Du Pont* v. *Mills,* 9 *W. W. Harr.* (*39 Del.*) 42, 196 *A.* 168, 119 *A. L. R.* 174. This is true even though Chapter 182, Volume 46 has been held to violate the State Constitution. *Board of Commissioners* v. *State,* 184 *Ind.* 418, 111 *N. E.* 630; 50 *Am. Jur.,* "*Statutes*" 354; *Cf. Sutherland, Stat. Construction,* 3rd *ed.* § 5203. While Chapter 182 intended to create an eleven member Department of Elections for New Castle County, because of the invalidity of Section 3 there is no Department in existence with that number of members. Clearly the eleven member Bureau of Reg-

istration contemplated by Section 1 of Chapter 185, cannot be fitted into the resurrected nine member Department of Elections, created by Chapter 57 of the Revised Code. It follows that Section 1 of Chapter 185, Volume 46 is "necessarily ineffective", and the court below so held. The trial court further held, however, that Section 2 of Chapter 185, Volume 46 was independent and separable from the ineffective Section 1 and could not be disregarded; that the Legislature evidently intended the members of the Department of Elections for New Castle County to be the members of the Bureau of Registration for that County and no such intent was violated by holding that the nine members of the old Department of Elections, created by Chapter 57 of the Revised Code, and revived by this court's decision, were the members of the Bureau of Registration. Apparently, the question was presented in the court below with more emphasis on the effectiveness of Section 2 of Chapter 185 than its effect on Chapter 144, Volume 45, which it purported to amend. In any event, the trial court in reaching its conclusion seems to have overlooked the fact that since Section 1 of Chapter 185, Volume 46 is "necessarily ineffective", no part of Section 1 of Chapter 144, Volume 45, creating a three member Bureau of Registration, to be "appointed in the manner and for the terms hereinafter stated", has been repealed. It is true that Section 2 of Chapter 185 not only purports to repeal Section 4 of Chapter 144, but also provides that the "members of the Department of Elections * * * as constituted from time to time after April 15, 1947, shall constitute from and after the effective date of this Act the Bureau of Registration for New Castle County." But if the new Section 2 of Chapter 144 (purportedly added by Section 2, Chap. 185, Vol. 46) refers to a nine member Bureau of Registration, it is wholly inconsistent with the original Section 1 of the same Chapter since that creates a three man board. It being impossible to reconcile these sections, the conclusion is inescapable that the Legislature did not

intend Section 2 of Chapter 185, Volume 46 to become effective except in conjunction with an effective Section 1 and an effective Chapter 182. It follows that the whole of Chapter 185 was ineffective, and Section 4 of Chapter 144, Volume 45 was still in effect when the appellants, Reese, et. al., were appointed members of the Bureau of Registration and elected Edwin W. Hutchison their secretary. See *State ex rel. James* v. *Schorr, supra.*

The judgment of the court below is, therefore, reversed and an order will be entered accordingly.

RICHARDS, C. J. (dissenting) :

I cannot agree with the decision of the majority of the Court in this case.

The facts as stated in the majority opinion are substantially correct and it is unnecessary for me to restate them.

A review of the history of the law in this State with respect to Registration Officers, may be helpful in determining what was the intention of the Legislature at the time it enacted Chapter 185, of Volume 46 of the Laws of Delaware, the construction of which is involved in this litigation.

For some time prior to 1939 the Registration Officers of the State, with the exception of the City of Wilmington, were appointed by the Governor, being appointed in Wilmington by the Department of Elections for the City of Wilmington.

In 1939 the Legislature passed an Act abolishing the Department of Elections for the City of Wilmington and creating a Department of Elections for New Castle County composed of nine members which was empowered to appoint all the Registration Officers for New Castle County including Wilmington. Paragraph 1706, 1746, 1752, 1753, Code of 1935, Chapter 115, 42 Laws of Delaware, 223.

Subsequently, in 1941, an Act was passed providing for three separate registration department districts; the first consisting of New Castle County, including Wilmington, the second consisting of Kent County and the third consisting of Sussex County. A Board of Registration for each of said districts, composed of three persons, was also provided for. Chapter 121, Volume 43, Laws of Delaware, 369.

During the same session, the Legislature passed an Act creating a Department of Elections for Kent County to be composed of three persons, and in addition thereto provided, that the three persons who composed the Department of Elections for Kent County, should also constitute the Board of Registration for Kent County. Chapter 125, Volume 43, Laws of Delaware, 400.

This same session of the Legislature, passed an additional Act likewise creating a Department of Elections for Sussex County to be composed of three persons, and providing that the members of said Department of Elections for Sussex County should also constitute the Board of Registration for Sussex County. Chapter 126, Volume 43, Laws of Delaware, 409.

At the session of the Legislature held in 1945, an Act was passed abolishing the Board of Registration for New Castle County and creating a Bureau of Registration for New Castle County consisting of three members with authority to appoint the Registration Officers for said county. Chapter 144, Volume 45, Delaware Laws, 460.

The same session of the Legislature abolished the Department of Elections for Kent County established in 1941, and provided for a Department of Elections for Kent County with authority to appoint the Registration Officers for said county. Chapter 148, Volume 45, Delaware Laws, 510.

This session also passed an Act abolishing the Department of

Elections for Sussex County created in 1941, and provided for a Department of Elections for Sussex County to consist of three members with authority to appoint the Registration Officers for said county. Chapter 149, Volume 45, Delaware Laws, 534.

These changes made by the Legislature from time to time in the set up of the Department of Elections and the Board of Registration, in all three of the Counties of the State, show an intention by it to combine the two organizations in order that the duties of each might be performed by the same persons.

The law in force when the legislature convened in 1947, provided for Department of Elections in both Kent and Sussex Counties with jurisdiction over both election and registration matters and with authority to appoint the Registration Officers in those Counties; but in New Castle County a separate Department of Elections was provided for composed of nine members, and a separate Bureau of Registration composed of three members, each performing separate duties.

This was the state of the law with respect to Registration Officers, when what is now Chapter 182, of Volume 46 of the Laws of Delaware, and what is now Chapter 185, of Volume 46 of the Laws of Delaware, were passed by the Legislature in 1947.

Chapter 182 aforesaid, repealed Section 1, of Chapter 57, of the Code 1935, which provided for a Department of Elections for New Castle County composed of nine members, and substituted a new section 1, providing for a Department of Elections for New Castle County composed of eleven members; said chapter also repealed Section 2, of Chapter 57 of said Code and provided a different method of nomination and appointment of said eleven members of the Department of Elections for New Castle County.

This chapter conferred upon the Department of Elections for New Castle County to be composed of eleven members, for

which it provided, jurisdiction over all matters and things vested in the former Department of Elections for New Castle County composed of nine members, but it made no provision for Registration Officers, or designated how the Bureau of Registration for New Castle County should be constituted.

Chapter 185 aforesaid, amended Chapter 144, of Volume 45, of the Laws of Delaware, by striking out of Section 1, the words, "three members" and inserting in lieu thereof the words, "eleven members." Said Chapter also amended and repealed Section 2, of Chapter 144 aforesaid, by striking out all of said section 2 and inserting in lieu thereof a new section 2 which reads, in part, as follows: "The members of the Department of Elections for New Castle County as constituted from time to time after April 15, 1947, shall constitute from and after the effective date of this Act the Bureau of Registration for New Castle County. The president of the Department of Elections shall be the president of the Bureau of Registration."

This chapter deals with the Bureau of Registration for New Castle County and provides that its membership shall be merged with the membership of the Department of Elections for New Castle County. No mention is made of the appointment of the members of the Department of Elections for New Castle County, or the number of persons who shall compose it.

It seems clear that the two chapters are separate and distinct chapters dealing with separate and distinct subject matter.

The constitutionality of Chapter 182, Volume 46, Laws of Delaware, was attacked in the case of *State ex rel. James* v. *Schorr,* 6 *Terry* 18, 65 *A. 2d* 810 in which this Court held that the method provided for the nomination and appointment of the eleven member Department of Elections for New Castle County, which it created, was unconstitutional, and that the nine member De-

partment of Elections, which it attempted to replace, was the legally constituted Department of Elections for New Castle County.

The constitutionality of Chapter 185, Volume 46, Laws of Delaware, was not attacked at that time nor were its provisions questioned. The majority opinion in holding that the Legislature did not intend to abolish the Department of Elections for New Castle County, and that nine members Department of Elections was the legally constituted Department of Elections for New Castle County, referred to it as a companion act because in section two it provides, that the members of the Department of Elections for New Castle County as constituted from time to time after April 15, 1947, shall constitute from and after the effective date of the act the Bureau of Registration for New Castle County.

After the case of *State ex rel. James* v. *Schorr, supra,* was decided the nine member Department of Elections for New Castle County, consisting of the appellee Brewer, and his associates, assumed the duties of the Bureau of Registration for New Castle County, appointed a secretary, and performed all of the duties of the Bureau, until January 14, 1950 when the Governor appointed the Appellant Reese, and his associates, as members of said Bureau of Registration, under Chapter 144, Volume 45, Laws of Delaware.

The constitutionality of Chapter 185, Volume 46, Laws of Delaware is not now attacked but the Court is asked to construe it and determine the intention of the Legislature. Section 1 of the Act amends Section 1 of Chapter 144, of Volume 45, Laws of Delaware, which provided for a Bureau of Registration for New Castle County consisting of three members, by striking out the words "three members" and inserting in lieu thereof the words "eleven members."

When this Court decided in State ex rel. James v. Schorr,

*supra,* that Chapter 182 of Volume 46, Laws of Delaware, which provided for an eleven member Department of Elections for New Castle County was unconstitutional, that portion of Section 1, of Chapter 185, Volume 46, Laws of Delaware, providing that the Bureau of Registration for New Castle County should consist of eleven members became inoperative and void because there was no eleven member Department of Elections in New Castle County.

Section 2, of said Chapter 185, of Volume 46 aforesaid, distinctly provides that the Department of Elections for New Castle County, as constituted from time to time from and after April 15, 1947, shall constitute the Bureau of Registration for New Castle County. The language used in this section is plain and unambiguous. The number of persons who are to compose the Board of Registration for New Castle County is not mentioned but it is to be composed of the same number of persons who compose the Department of Elections for New Castle County, regardless of what the number may be. Said section further provides that the president of the Department of Elections shall be the president of the Bureau of Registration, and that the members of the Bureau of Registration shall receive no compensation for their services as such other than their compensation as members of the Department of Elections.

Just as a statute may be unconstitutional in part and constitutional in part, it may be unenforceable and void in part and valid and capable of being enforced in part. *State ex rel. Green* v. *Isaacs,* 6 *W. W. Harr.* 110, 171 *A.* 627; *State ex rel. Morford* v. *Emerson,* 1 *Terry* 328, 10 *A.* 2d 515, *affirmed* 1 *Terry* 496, 14 *A.* 2d 378.

The Courts of this State, as well as elsewhere, have consistently held that the principal thing to be considered in construing a statute is the intention of the Legislature. In determining this intention the statute must be considered in its entirety. Every

part of it must be considered together; each section subject to construction should be construed with every other section, including sections which are invalid or in conflict. *Crawford on Statutory Construction, Sec.* 204, *P.* 351; *Collison* v. *State ex rel. Green,* 9 *W. W. Harr.* 460, 2 *A.* 2d 97, 119 *A. L. R.* 1422; *Metropolitan Life Ins. Co.* v. *Jacobs,* 1 *Terry* 54, 1 *A.* 2d 603; *Mayor & Council of Wilmington* v. *River-View Cemetery Co.,* 8 *W. W. Harr.* 182, 190 *A.* 111; *United Cigar-Whelan Stores Corp.* v. *Delaware Liquor Comm.,* 2 *Terry* 74, 15 *A.* 2d 442; *State* v. *Rice,* 115 *Md.* 317, 80 *A.* 1026, 36 *L. R. A.* (*N. S.*) 344, *Ann, Cas.* 1913*A,* 1247; *Randolph* v. *Builders & Painters Supply Co.,* 106 *Ala.* 501, 17 *So.* 721.

If we apply this test to Chapter 185, of Volume 46, we cannot escape the conclusion, that the dominant intention of the Legislature was to provide for a Bureau of Registration for New Castle County to be composed of the same persons who constitute the Department of Elections for New Castle County from time to time. That the number of persons who constitute the Bureau was not of primary importance, clearly appears from the language which provides that it shall be composed of the persons who constitute the Department of Elections from time to time. This language recognizes that there may be changes in the Department of Elections for New Castle County from time to time, but provides that notwithstanding such changes the persons who compose it shall constitute the Bureau of Registration.

For the foregoing reasons, I think that the opinion of the Superior Court should be affirmed.